FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★   APR 4 - 2006   ★

P.M. _____
TIME A.M. _____

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------X
LUIS MARIO CORREA,

                               Petitioner,                      00 CV 3461 (SJ)

    -against-

                                                         **MEMORANDUM**
                                                         **AND ORDER**

UNITED STATES OF AMERICA,

                               Respondent.
------------------------------------------------X

APPEARANCES:

LUIS MARIO CORREA
#36116-053
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, N.J. 08640
Petitioner, *Pro se*

ROSLYNN R. MAUSKOPF, ESQ.
United States Attorney
Eastern District of New York
One Pierrepont Plaza
Brooklyn, NY 11201
By:    Jonathan Edward Davis, Esq.
Attorney for Respondent

JOHNSON, Senior District Judge:

      Presently before the Court is a motion by Luis Mario Correa ("Petitioner") for reduction of his sentence, pursuant to 18 U.S.C. § 3582(c)(2) and Rule 35(a) of the Federal Rules of Criminal Procedure. For the reasons stated herein, the motion is hereby DENIED.

1

P-049

## BACKGROUND

In 1990, Petitioner was found guilty, after a jury trial held by the Honorable John R. Bartels,[1] of possession with intent to distribute in excess of 500 grams of cocaine, in violation of 21 U.S.C. § 841(a)(1), and of conspiracy to possess with intent to distribute in excess of five kilograms of cocaine, in violation of 21 U.S.C. § 846, in the United States District Court for the Eastern District of New York (the "District Court"). (Resp't Resp. Pet'r Mot.;[2] see Docket No. 90 CR 258-1 (JRB).) In preparation for sentencing, the United States Probation Department ("Probation") compiled Petitioner's pre-sentence report (the "PSR"[3]) for Judge Bartels' consideration prior to, and during, sentencing.

In the PSR, Probation determined the Petitioner's offense level as follows. At the outset of its calculations, Probation determined that Petitioner's charges should be aggregated to create an offense level of 32. See Pet'r Mot.,[4] Ex. A at ¶ 14; U.S. Sentencing Guidelines Manual § 3D1.4 (2005).[5] Probation reduced its calculation of

---

[1] The Honorable John R. Bartels, formerly of the Eastern District of New York, originally presided over Petitioner's case and conducted the related sentencing. After Judge Bartels' death, this case was reassigned to this Court.

[2] All citations to "Resp't Resp. Pet'r Mot." refer to Respondent's Response to Petitioner's 18 U.S.C. § 3582(c)(2) and Rule 35(a) Motion, filed on October 26, 2000. See Docket No. 00 CV 3461 (SJ), Entry 4.

[3] See Docket No. 90 CR 258-1 (JRB).

[4] All citations to "Pet'r Mot." refer to Petitioner's 18 U.S.C. § 3582(c)(2) Motion for Reduction of Sentence, filed on June 1, 2000. See Docket No. 00-CV-3461 (SJ), Entry 1.

[5] Petitioner was sentenced on August 16, 1991. Section 3D1.4 of the Sentencing Guidelines Manual was last amended in November of 1990, prior to Petitioner's sentencing. The 2005 version of § 3D1.4, therefore, contains the same guidelines as those used for Petitioner's sentencing. U.S. Sentencing Guidelines Manual § 3D1.4 (2005).

2

Petitioner's offense level by two levels on account of his admission of guilt and by two levels for his minor role in the offense, resulting in a final offense level of 28. (Pet'r Mot., Ex. A at ¶¶ 16, 26, 27.) Probation then assigned Petitioner a criminal history category of III due to one state prosecution for gun conviction, one state felony conviction for criminal possession of a controlled substance, and the fact that the instant offenses were committed while Petitioner was on probation. (Id. at 6-7.) According to the sentencing table included in the United States Sentencing Guidelines (the "Guidelines"), a defendant with an offense level of 28 and a criminal history category of III should generally be sentenced to a period of imprisonment ranging from 97 to 121 months. U.S. Sentencing Guidelines Manual § 5A.

Because Petitioner had a prior conviction for a felony drug offense, the minimum period of incarceration and supervised release allowed by the statute applicable to the Petitioner's conspiracy offense is 20 years of imprisonment and 10 years of supervised release. 21 U.S.C. §§ 841(b)(1)(A)(ii), 846. Notwithstanding this provision, a court may depart from the statutory minimum if the defendant meets the criteria set forth in 18 U.S.C. § 3553(f)(1)-(5), one of which is that "the defendant does not have more than one criminal history point." U.S. Sentencing Guidelines Manual § 5C1.2.

Because Petitioner had more than one criminal history point, a deviation from the statutory minimum was precluded. Therefore, on August 16, 1991, Judge Bartels sentenced Petitioner to the minimum statutory period of incarceration and supervised

3

P-049

release allowed under the sentencing provisions of 21 U.S.C. § 841 and § 846 for a person with a prior conviction for a felony drug offense – twenty years of imprisonment and ten years of supervised release. 21 U.S.C. §§ 841(b)(1)(A)(ii), 846.

Petitioner appealed both the conviction and the sentence, and the United States Court of Appeals for the Second Circuit (the "Second Circuit") affirmed the District Court's ruling on January 23, 1992. U.S. v. Correa, 956 F.2d 1160 (2d Cir. 1992). In November 1994, Petitioner filed a Motion to Vacate, Set Aside or Correct a Sentence, pursuant to 28 U.S.C. § 2255, which the District Court denied both as procedurally barred and without merit on February 1, 1995. See Docket No. 94 CV 5424 (JRB), Entry 1, 5. The Second Circuit affirmed the District Court's ruling on October 13, 1995. Correa v. U.S., 71 F.3d 405 (2d Cir. 1995). In November 1998, Petitioner filed a Motion to Grant a Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241, in the United States District Court for the District of New Jersey (the "District of New Jersey"). The District of New Jersey held that Petitioner's motion, though styled as a § 2241 motion, was in fact a § 2255 motion, and transferred the case to the District Court.

On April 6, 1999, the District Court transferred the newly-construed § 2255 motion to the Second Circuit in order that it determine whether a certificate of appealability should issue. See Docket No. 99 CV 1216 (SJ); 28 U.S.C. § 2255 ("A second or successive [§ 2255] motion must be certified as provided in [28 U.S.C. § 2244] by a panel of the appropriate court of appeals[.]"). The Second Circuit denied

4

P-049

issuance of the certificate of appealability on the ground that, because the District of New Jersey filing was a second or successive habeas petition, Petitioner had failed to file an application with the Second Circuit requesting that it authorize the petition within the forty-five day period prescribed in Liriano v. United States, 95 F.3d 119, 123 (2d Cir. 1996).[6]

On May 24, 2000, Petitioner filed with this Court a Motion for Modification of an Imposed Term of Imprisonment, pursuant to 18 U.S.C. § 3582(c)(2) and Rule 35(a) of the Federal Rules of Criminal Procedure, alleging that the guideline under which he was sentenced has since been amended, thus entitling him to a lower sentence for the committed offenses. (Pet'r Mot. at 2.)

## DISCUSSION

I.  **Motion to Correct or Reduce a Sentence, pursuant to Rule 35(a)**

Rule 35(a) of the Federal Rules of Criminal Procedure provides that a sentence

---

[6]Liriano provides that:

> when a second or successive petition for habeas corpus relief or § 2255 motion is filed in a district court without the authorization by [the Second Circuit] that is mandated by § 2244(b)(3), the district court should transfer the petition or motion to [the Second Circuit] in the interest of justice pursuant to § 1631[.] The Clerk of [the Second Circuit] will then send a notice to the petitioner or movant that a motion must be filed pursuant to § 2244(b)(3). The notice will explain the substantive requirements that such a motion must satisfy, and advise the petitioner or movant that: (1) the motion pursuant to § 2244(b)(3) must be filed in [the Second Circuit] within forty-five days of the date of the Clerk's notice; and (2) if the motion is not so filed, an order will be entered denying authorization for the underlying petition for habeas corpus or § 2255 motion to be filed in district court.

Liriano, 95 F.3d at 123.

5

may be corrected within seven days after sentencing for arithmetical, technical, or other clear error. Fed. R. Crim. Pro. 35(a). Only defendants that adduce proof that their sentences are affected by error may apply for a Rule 35(a) correction. Id. In the instant case, Petitioner does not state any arithmetical, technical, or other clear error that adversely affected his sentence, nor does he provide a reason why a deviation from Rule 35(a)'s seven-day time limit should be granted. Here, the time permitted for Petitioner's Rule 35(a) Motion has long since passed. Petitioner was sentenced on August 16, 1991; thus, the seven-day limitation period would have expired on August 23, 1991. Rule 35(a) relief is therefore unavailable to the Petitioner at this juncture.

II. **Modification of an Imposed Term of Imprisonment, pursuant to 18 U.S.C. § 3582(c)(2)**

As an alternative to a Rule 35(a) modification, Petitioner requests that this Court modify his sentence based on 18 U.S.C. § 3582(c)(2) because the guideline under which he was sentenced has since been amended. The language of 18 U.S.C. § 3582(c)(2) provides:

> "The court may not modify a term of imprisonment once it has been imposed except that . . . in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[,] upon motion of the defendant[,] the court may reduce the term of imprisonment[.]"

18 U.S.C. § 3582(c)(2) (2006).

Before considering the merits of Petitioner's 18 U.S.C. § 3582(c)(2) motion, the

6

Court must first determine whether the specific sentencing guideline amendment Petitioner claims to be entitled to can, in fact, be retroactively applied to Petitioner's case. U.S. Sentencing Guidelines Manual § 1B1.10, cmt. n.1. Subsection (c) of § 1B1.10 of the Guidelines lists the amendments that may be retroactively applied to previously imposed sentences; accordingly, the listed amendments may serve as the basis for a court's reconsideration of a term of imprisonment.[7] If the amendment upon which the Petitioner relies is not listed in § 1B1.10(c), retroactive application of that amendment to Petitioner's sentence would be inconsistent "with [the Sentencing Commission's] policy statement and thus is not authorized." Id. at § 1B1.10(a).

Petitioner contends that the guideline range applicable to his case was changed by Amendment 439, which modified § 1B1.3(a) of the Guidelines and was promulgated on November 1, 1992. See U.S. Sentencing Guidelines Manual App. C, amend. 439. First, the amendment confirms that defendants are responsible for "all acts and omissions committed, aided, abetted, counseled, commanded, induced, procured, or willfully caused." Id. Second, the amendment confirmed sentencing exposure for defendants that participate in "jointly undertaken criminal activity" by making them accountable for the conduct, acts, and omissions of others as long as such conduct, act, or omission was both in furtherance of the jointly undertaken criminal activity and reasonably foreseeable in

---

[7] Subsection (c) of § 1B1.10 of the Guidelines states that the "[a]mendments covered by this policy statement are . . . 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, and 657." U.S. Sentencing Guidelines Manual § 1B1.10(c) (2005).

7

P-049

connection with that criminal activity. Id.

Petitioner argues that statements made in the PSR justify a reduction of his sentence under Amendment 439. Petitioner first cites to text of the PSR, which provides that "there [was] not sufficient evidence to show that [Petitioner] aided and abetted the negotiations or distribution of" 782 grams of cocaine and 166.7 grams of cocaine base possessed by two other individuals involved in the charged criminal conspiracy. See Pet'r Reply Resp't Resp. Pet'r Mot.[8] at 2. The PSR also states that the cocaine involved in the criminal activity was not "reasonably foreseeable to [Petitioner]." See Pet'r Reply Resp't Resp. Pet'r Mot. at 2. Petitioner appears to believe that these statements, when read in light of Amendment 439, entitle him to relief from his imposed term of imprisonment.

Petitioner's arguments for a sentence modification must fail. First, Amendment 439 is not among those listed in § 1B1.10(c) of the Guidelines and thus cannot serve as the basis for this Court's review of Petitioner's sentence pursuant to 18 U.S.C. § 3582(c)(2). Second Circuit precedent validates this conclusion. See, e.g., United States v. Fernandez, 954 F. Supp 77, 79 (S.D.N.Y. 1997) ("Amendment 439 is not listed as a qualifying amendment in § 1B1.10(c) and therefore cannot be applied retroactively[.]"); United States v. Caceda, 990 F.2d 707, 710 (2d Cir. 1993) ("Only certain enumerated

---

[8]All citations to "Pet'r Reply Resp't Resp. Pet'r Mot." refer to Petitioner's Reply to Respondent's Response to Petitioner's 18 U.S.C. § 3582(c)(2) Motion for Reduction of Sentence, unless otherwise noted.

P-049

amendments are specified by the Guidelines as exceptions to the general rule that amendments are not to be applied retroactively[.]").

Second, even if Amendment 439 could be retroactively applied, the Guidelines amendment would be immaterial to Petitioner's sentence because it was imposed based on statute. In this case, Petitioner was sentenced to that minimum period of incarceration allowed for a person with a prior felony drug conviction who is found guilty of an offense involving more than five grams of cocaine – twenty years of imprisonment and ten years of supervised release. 21 U.S.C. §§ 841(b)(1)(A)(iii), (b)(1)(A). Together, the jury's guilty verdict with respect to the drug quantity and the prior felony information filed by Respondent for Petitioner's state drug conviction provided a sufficient basis for Petitioner's statutorily prescribed sentence. Neither 18 U.S.C. § 3582(c)(2) nor § 1B1.10 of the Guidelines authorize the Court to ignore the minimum penalties required by statute.

In addition to being unable to grant relief under 18 U.S.C. § 3582(c)(2), the Court also cannot address Petitioner's more general argument that his sentence should be reduced because, given the posture of this case, such an argument is properly construed as a "second or successive" habeas corpus petition under 28 U.S.C. § 2255. The Court cannot consider such a petition without authority to do so being first granted by the

9

Second Circuit.[9] 28 U.S.C. § 2244(b)(3)(A).

## CONCLUSION

For the reasons stated herein, Petitioner's Motion for Reduction of Sentence pursuant to 18 U.S.C. § 3582 (c)(2) and Rule 35(a) of the Federal Rules of Criminal Procedure is hereby DENIED. The Clerk of Court is directed to enter a final judgement of dismissal and to close the case.

SO ORDERED.

Dated: March 31, 2006
       Brooklyn, New York

s/SJ
_____
Senior U.S.D.J.

---

[9] Should Petitioner decide once again to file with this Court a motion pursuant to 28 U.S.C. § 2255, he would need to do so in accordance with the applicable case law and statutes, particularly the requirement that a petitioner receive prior authorization from the appropriate court of appeals -- in this case, the Second Circuit. See 28 U.S.C. §§ 2244(b)(3)(A), 2255.

P-049